IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DON KING PRODUCTIONS, INC.,
**Plaintiff**

v.                                                             CIVIL NO. 05-1286(DRD)

EL ROBLE, et al.,
**Defendants**

| MOTION | RULING |
|---|---|
| **Filed:** 03/14/05   **Docket #2**<br>[X] **Plff**   [ ] **Deft**<br>[ ] **Other**<br>**Title:** Corporate Disclosure Statement | NOTED. |
| **Date Filed:** 08/09/05   **Docket #27**<br>[X] **Plff**   [ ] **Deft**<br>[ ] **Other**<br>**Title:** Motion for Default Judgment | The Court **DENIES** plaintiff's request to enter Default Judgment against co-defendants Braulio Arenas individually, the conjugal partnership Arenas-Fulana de Tal, d/b/a The Bulls Paradise, see ruling at Docket Entry No. 44. The instant claim is not a "sum certain" type of case. Pursuant to Rule 55(b)(2), Fed.R.Civ.P. A hearing must be conducted to ascertain damages. *See*, KPS & Assoc., Inc. v. Designs by FMC. Inc., 318 F.3d 1, 20 (1st Cir. 2003); In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002). Further, as to plaintiff's request to enter Default Judgment against co-defendants Samuel Cordero individually, the conjugal partnership Cordero-Fulana de Tal, La Cabaña de Rey, Reynaldo Maldonado individually, and the conjugal partnership Maldonado-Fulana de Tal, the Court schedules an **Evidentiary Hearing on Damages** for the **20th day of April 2006 at 10:30 a.m.** |
| **Date Filed:** 08/26/05   **Docket #35**<br>[ ] **Plff**   [X] **Deft**<br>[ ] **Other**<br>**Title:** Partial Motion to Dismiss | **DENIED WITHOUT PREJUDICE.** Plaintiff was allowed to file an Amended Complaint at Docket Entry No. 46. Therefore, co-defendant Cafeteria Tompy's may resubmit its motion requesting dismissal. |

| | |
|---|---|
| **Date Filed:** 09/01/05 **Docket #38** <br> [X] **Plff**          [] **Deft** <br> [ ] **Other** <br> **Title:** Motion in Compliance With Order Regarding to Docket Number 25 | **NOTED.** |
| **Date Filed:** 09/12/05 **Docket #41** <br> [] **Plff**          [X] **Deft** <br> [ ] **Other** <br> **Title:** Motion to Request Leave to File the Attached Reply | **MOOT.** See ruling at Docket Entry No. 35. |
| **Date Filed:** 12/12/05 **Docket #46** <br> [X] **Plff**          [] **Deft** <br> [ ] **Other** <br> **Title:** Motion requesting Leave to Amend the Complaint | **GRANTED.** *See*, Rule 15(a), Fed.R.Civ.P.; Foman v. Davis, 371 U.S. 178, 182 (1962)(early on in the case, and or resulting from discovery amendments should be granted freely given "when justice so requires" under a liberal approach). The Clerk of Court is **INSTRUCTED** to provide a separate Docket Entry to the tendered Second Amended Complaint. Further, the Clerk of Court is **INSTRUCTED** to issue attached summons. |
| **Date Filed:** 0/03/06 **Docket #48** <br> [X] **Plff**          [] **Deft** <br> [ ] **Other** <br> **Title:** Motion or Notification of Partial Voluntary Dismissal | **GRANTED.** Plaintiff's voluntary dismissal against co-defendants El Bombon de Eddie, Eddie Torres individually, and the conjugal partnership Torres-Doe, all of them d/b/a El Bombon de Eddie is hereby **GRANTED** and are hereby **DISMISSED WITHOUT PREJUDICE**. **Partial Judgment** shall be issued accordingly. |

| | |
|---|---|
| **Date Filed:** 09/23/05 **Docket #44**<br>[] Plff          [X] Deft<br>[ ] Other<br>**Title:** Motion Requesting to Set Aside Default Entry | **DENIED WITHOUT PREJUDICE.** Rule 55(c), Fed.R.Civ.P., provides that the Court may set aside an entry of default for "good cause" shown. This standard of review requires that the movant provide "an explanation for the default or to give reasons why vacation of the default entry would serve the interests of justice". 10A Wright, Miller & Kane, <u>Federal Practice and Procedure: Civil 3d</u>, West Group, §2696, p. 141, (1988). Likewise, it is well known that in determining whether or not to set aside an entry of default, the court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. <u>Coon v. Greenier</u>, 867 F.2d at 76. The Court may considered other factors such as the proffered explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion. <u>Id</u>. However, the affirmative demonstration of a meritorious defense is not expressly called for by the federal rules and, therefore, the nature of the showing necessary to vacate the entry lies within the Court's sound discretion. Wright, Miller & Kane, §2697, p. 162. The Court has examined the totality of the circumstances as to the instant request and notes several facts that operate against moving the Court's discretion to grant the Co-defendant's request. Firstly, the movant has failed to provide a showing of its alleged "meritorious defense". It should be noted that a vast number of courts have rejected general denials or conclusory statements that a defense exists, rather courts have insisted upon a presentation of some factual basis for the proffered meritorious defense. Wright, Miller & Kane, §2697, p. 160. (Citations omitted). The "meritorious defense" component requires that the movant's averments "plausibly suggest the existence of facts which, if proven at trial, would constitute a plausible defense". <u>Coon v. Greenier</u>, 867 F.2d at 77. Counsel for Co-defendant averments fails to meet the threshold required. Counsel may resubmit its Motion to Set Aside Entry of Default in compliance with the <u>Coon</u> requisites and Rule 55(c) **on or before March 29, 2006.** |

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 14th day of March 2006.

                                            **S/DANIEL R. DOMINGUEZ**
                                            **DANIEL R. DOMINGUEZ**
                                            **U.S. DISTRICT JUDGE**